IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–13–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GABRIEL CALVIN SMITH, | |
| Defendant. | |

Before the Court is Defendant Gabriel Calvin Smith's Motion for Early Termination of Supervised Release. (Doc. 83.) Mr. Smith was adjudged guilty of one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). (Doc. 67 at 1.) On September 14, 2016, Mr. Smith was sentenced to a term of imprisonment of 60 months with 5 years of supervised release to follow. (*Id.* at 2–3.) Mr. Smith completed his term of imprisonment on October 11, 2019, after he successfully completed the Bureau of Prisons' 500-hour Residential Drug Treatment Program. (Doc. 84 at 2.) As of October 11, 2022, he completed three years of his five-year term of supervised release. (*Id.*) He now seeks termination of the remaining term of supervised release. (Doc. 83.) The United States defers to the discretion of the Court. (*Id.* at

1

1.) United States Probation Preston Tescher does not object to Mr. Smith's early termination of supervision. (*Id.*)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Smith began his term of supervised release on October 11, 2019 (Doc. 84 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Smith's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Smith waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Smith's supervised release is obviously favorable to him, and the United States did not object. (Doc. 83.) Accordingly, the Court will dispose of this matter without a hearing.

offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Smith's remaining term of supervised release. Mr. Smith served his full term of imprisonment and has had no violations during his three years of supervised release. (Doc. 84 at 9.) The letters filed in support of his motion demonstrate that he is dedicated to maintaining his sobriety and supporting others in their sobriety journeys, remaining employed and advancing in his career, and actively participating in community activities with his family and friends. (Docs. 84-1, 84-2, 84-4, 84-5, 84-6.) The Court agrees with his counsel that Mr. Smith's "experience is a prime example of a case where the criminal justice system has worked" (Doc. 84 at 9), and the Court concludes that the § 3553(a) factors

support early termination of his term of supervised release. The Court wishes Mr. Smith the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 83) is GRANTED.

IT IS FURTHER ORDERED that Mr. Smith's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 28th day of November, 2022.

_____
Dana L. Christensen, District Judge
United States District Court